WALTER H. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 6749-73.
United States Tax Court
T.C. Memo 1975-245; 1975 Tax Ct. Memo LEXIS 131; 34 T.C.M. (CCH) 1056; T.C.M. (RIA) 750245; July 22, 1975, Filed Walter H. Johnson, pro se. R. Travis Douglas, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent has determined deficiencies in the Federal income tax of petitioner in the amount of $12,763 for the taxable year 1968. We are asked to decide whether certain payments received by petitioner from a corporation wholly owned by him were loans or dividends. FINDINGS OF FACT Certain facts were stipulated by the parties and are so found. Petitioner, Walter H. Johnson, is an individual who resided in Monroe, Louisiana, at the time the petition herein was filed. He filed an individual Federal income tax return for the year 1968 with the District Director of Internal Revenue, New Orleans, Louisiana. During *132 the fiscal year ended April 30, 1969, petitioner owned, either individually or through members of his family, 100 percent of the stock of Walter H. Johnson & Son, Inc. (hereinafter referred to as the corporation), a corporation organized under the laws of the State of Louisiana on April 28, 1964. As president and stockholder of the corporation, petitioner exercised complete control over the management of its business operations from 1964 through the year in controversy. During 1968 petitioner received a total of $30,500 from the corporation in four separate payments. The books and records of the corporation indicated that the payments were made in exchange for shares of common stock owned by petitioner in Noralyn Paper Mills, Inc. In fact the sale did not occur, and the stock of Noralyn Paper Mills was never transferred to the corporation. On May 1, 1973, petitioner for the first time informed his and the corporation's accountant that the sale had not occurred and that the payments had been a loan from the corporation to petitioner. No loans to shareholders are recorded in the corporation's books and records, nor in the balance sheets attached to its U.S. Corporate Income Tax Returns *133 for the period in question. No note was executed by petitioner in favor of the corporation to evidence the alleged loan, nor was there any security provided. The duration and terms of the alleged loan were unfixed. Petitioner did not pay interest or repay principal on the alleged loan. The corporation has not declared a dividend on its stock since its formation in 1964. At the time the distributions were made, the corporation had accumulated earnings and profits of $46,187 and current earnings and profits totaling $530. In his notice of deficiency respondent determined that petitioner had received unreported dividend income and determined a deficiency in the amount of $12,763 for the year 1968. OPINION The issue to be decided is the proper tax treatment of petitioner's withdrawals of cash from the corporation. Respondent contends that the payments received by petitioner comprised distributions equivalent to the payment of dividends within the meaning of section 316(a), Internal Revenue Code of 1954. [1]
*134 Whether the withdrawals represented bona fide loans or dividend distributions is a question to be decided on the basis of all the facts and circumstances surrounding the transaction, the primary consideration being the parties' intention to create a bona fide indebtedness at the time of each disbursement. McLemore v. Commissioner, 494 F.2d 1350 (6th Cir. 1974), affg. Memorandum Opinion of this Court; Electric & Neon, Inc.,56 T.C. 1324 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974); Elliott J. Roschuni,29 T.C. 1193 (1958), affd. per curiam 271 F.2d 267 (5th Cir. 1959), cert. denied 362 U.S. 988 (1960). Special scrutiny is invited in a situation where the individual withdrawing funds is in substantial control of the corporation. McLemore v. Commissioner,supra;Elliott J. Roschuni,supra.In order to establish the existence of a bona fide loan, petitioner is required to show that there was a reasonable intention and expectation of repayment of the alleged loan, including a genuine intention of the alleged lender to enforce *135 repayment of the withdrawn funds. Livernois Trust v. Commissioner,433 F.2d 879 (6th Cir. 1970), affg. a Memorandum Opinion of this Court; Electric & Neon, Inc.,supra;Irving D. Fisher,54 T.C. 905 (1970). We must therefore undertake a careful examination of all objective acts performed by petitioner and the corporation tending to show intent and attitude with respect to the withdrawn funds. In so doing we note the absence of any entry on the corporate books regarding loans to shareholders and the absence of promissory notes evidencing the alleged loan. Additionally, petitioner has conceded that there was no provision for interest or security, and no fixed maturity date. The complete control wielded by petitioner over corporate affairs throughout the time of the withdrawals and aborted stock sale, [2] in our opinion, further negates an ultimate finding of a genuine intention and expectation of repayment of the withdrawn funds. See McLemore v. Commissioner,supra;Elliott J. Roschuni,supra.
*136 We believe that the record as a whole supports our conclusion that the payments received by petitioner were not bona fide loans but were instead distributions taxable as dividends. Accordingly, we hold that petitioner has failed to sustain his burden of proof. Decision will be entered for the respondent.
Footnotes
1. SEC. 316. DIVIDEND DEFINED. (a) General Rule.--For purposes of this subtitle, the term "dividend" means any distribution of property made by a corporation to its shareholders-- (1) out of its earnings and profits accumulated after February 28, 1913, or (2) out of its earnings and profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made.↩
2. Petitioner at trial abandoned his contention that a sale to the corporation of his Noralyn Paper Mills stock accounted for the withdrawals.↩